UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY SCHOOLER | CIVIL ACTION |
| VERSUS | NO. 14-2799 |
| WAL-MART STORES, INC. | SECTION "K"(2) |

### ORDER AND REASONS ON MOTION

Plaintiff's Second Motion to Compel Responses to Plaintiff's Second Request for Production of Documents, Record Doc. No. 15, is pending before me. Defendant filed a timely opposition memorandum, Record Doc. No. 16, and plaintiff was permitted to reply. Record Doc. No. 19. Having considered the record, the applicable law and the written submissions of counsel, IT IS ORDERED that the motion is GRANTED IN PART, DISMISSED AS MOOT IN PART AND DEFERRED IN PART, subject to the protective order contained herein.

The motion seeks four forms of relief; specifically, an order (1) compelling production of documents responsive to plaintiff's second set of requests for production, (2) overruling defendant's objections as waived and untimely, (3) awarding expenses and attorney's fees, and (4) extending the deadline by which plaintiff must file and serve his witness and exhibit lists.

Failure to provide specific written responses to requests for production within the time period established by Fed. R. Civ. P. 34(b)(2)(A) generally results in the waiver of objections to the requests. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir.

1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004).

However, the court retains discretion to decline to compel production of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made. Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006); Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); see also Young v. United States, 149 F.R.D. 199, 206 (S.D. Cal. 1993) (no waiver in light of "relatively short tardiness").

Applying these standards, I find that, by its dilatory response, defendant waived its objections, except that the court should exercise its discretion to preserve defendant's (a) objections concerning work product or privilege; (b) confidentiality objections to

2

Requests for Production Nos. 2, 8 and 9, which seek employment or personnel file records of non-party individuals; and (c) objections to Requests for Production Nos. 1 and 7 on grounds that they seek defendant's commercially sensitive or proprietary information. While defendant's written responses to plaintiff's discovery requests generally provide what may be adequate responsive information, they also are subject to unfounded or waived objections that obfuscate and confuse both plaintiff and the court concerning whether a complete response has in fact been made.

 Accordingly, the motion is granted as to Requests Nos. 1 and 7, subject to the protective order contained herein. Defendant must provide new written responses to these requests, without objections (except those that have not been deemed waived as noted above), clearly stating that <u>all</u> materials responsive to these requests have been produced, subject to the following protective order: All materials produced in accordance with this order in response to these requests must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms.  If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

The motion is granted as to Request No. 3. The anticipation of litigation/work product objection is overruled because plaintiff's own statement is <u>not</u> protected, and plaintiff is automatically entitled, upon request, to production of his own statement. Fed. R. Civ. P. 26(b)(3)(C). Defendant must provide a new written response to this request, without objection, clearly stating that <u>all</u> materials responsive to this request have been produced.

The motion is granted as to Requests Nos. 4, 5 and 6, only because the current written responses are erroneous as a matter of law in part, self-contradictory and therefore evasive. The attorney-client privilege objection is overruled because that privilege applies only to <u>communications</u> between lawyer and client, and the materials responsive to Request No. 4 are tangible items that cannot possibly constitute such privileged communications. On one hand, the work product and anticipation of litigation objections might apply to materials responsive to these requests. On the other hand, the responses state that defendant has no such materials, so that there should be nothing to which the objection applies, with one possible exception responsive to No. 5. Accordingly, IT IS ORDERED that defendant must provide new written responses to these requests, clearly stating <u>either</u> that it has no materials responsive to these requests in its possession, custody or control, <u>or both</u> asserting its work product/anticipation of litigation objection <u>and</u> providing the required log describing such materials if it has any, Fed. R. Civ. P. 26(b)(5)(A), or (where applicable)

stating that all materials not protected by the doctrine have been produced and providing the required log as to any others.

Requests for Production Nos. 2, 8 and 9 all seek production of personnel or employment file materials concerning individuals who are not parties to this action. Discovery of the personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved. Certainly, employment personnel files can be expected to contain much information that is personal and private, including medical records and personal data identifiers of the type contemplated by Fed. R. Civ. P. 5.2(a), and that is irrelevant to a particular lawsuit. This does not mean that a party is never entitled to discover the personnel files of an opponent's employees or that everything contained in them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. Thus, "a district court has discretion to determine whether discovery of such files is warranted." Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)). As in Atkinson, before production of such documents might be ordered, it appears that an in camera inspection of the documents would be appropriate to determine both their relevance and their need for confidentiality, if any. Id. Accordingly, **IT IS ORDERED** that defendant must provide the materials

sought by plaintiff in Requests for Production Nos. 2, 8 and 9 to me for in camera review no later than **August 21, 2015**. After receiving and reviewing those materials, I will rule on this portion of the motion without further briefing or oral argument.

The motion is granted as to Request for Production No. 10. All objections are overruled. Defendant must provide a new written response, clearly stating without objection, either that it has no responsive materials in its possession, custody or control or that all responsive materials have been produced.

All additional written responses, including any Rule 26(b)(5) logs, together with actual production of all additional responsive materials, if any, must be provided by defendant to plaintiff no later than **August 21, 2015.**

The motion is dismissed as moot insofar as it seeks an extension of time for plaintiff to file his witness and exhibit lists. Those lists have been filed. Record Doc. No. 12. If plaintiff contends that he has located something new in the delayed discovery responses, he must file a motion for leave to amend or supplement his lists, after determining whether defendant has any objection.

The motion is denied insofar as it seeks an award of attorneys fees and costs. Substantial responsive information was provided by defendant, albeit late, and some of defendant's objections, although untimely, are of such an important nature, particularly insofar as they relate to the privacy interests of non-parties, that they have not been

deemed waived and may be valid. Under these circumstances, an award of expenses incurred in connection with this motion is not warranted. Fed. R. Civ. P. 37(a)(5).

New Orleans, Louisiana, this   14th   day of August, 2015.

                    JOSEPH C. WILKINSON, JR.
                    UNITED STATES MAGISTRATE JUDGE